**RED HAWK et al. v. WILBUR, Secretary of the Interior, et al.**

No. 4817.

Court of Appeals of District of Columbia.

Argued Jan. 10, 1930.

Decided March 3, 1930.

Webster Ballinger, of Washington, D. C., for appellants.

O. H. Graves, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

In this case appellants, plaintiffs below, filed a bill for injunction to restrain the Secretary of the Interior from proceeding to distribute an estate of an Indian to certain heirs which he had ascertained to be entitled thereto, under the Act of Congress of June 25, 1910, 36 Stat. 855 (25 USCA § 372), which provides as follows: "That when any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, * * * the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive."

The authority of the Secretary, on ascertainment of the legal heirs of a deceased Indian, to issue patents to such heirs, arises under section 5 of the Act of February 8, 1887, 24 Stat. 388 (25 USCA § 348), where allotments of lands to certain Indians are held in trust by the United States for a period of twenty-five years, at the end of which time conveyance of the lands shall be made by patent to the Indian to whom land has been allotted, "or, in case of his decease, of his heirs according to the laws of the State or Territory where such land is located. * * * Provided, That the law of descent and partition in force in the State or Territory where such lands are situate shall apply thereto after patents therefor have been executed and delivered."

It is contended by counsel for plaintiffs that the Secretary, in the threatened distribution, was proceeding in violation of the laws of descent of the state of South Dakota, where the lands in question are situated. We think it unnecessary to enter into any discussion of either the facts or the law relative to this case, since the statute vests the Secretary with power to determine the heirs, and provides that "his decision thereon shall be final and conclusive." The nature of the exercise of such power by an officer of the government was defined in the early case of Bartlett v. Kane, 16 How. 263, 272, 14 L. Ed. 931, as follows: "It is a general principle, that when power or jurisdiction is delegated to any public officer or tribunal over a subject-matter, and its exercise is confided to his or their discretion, the acts so done are binding and

valid as to the subject-matter. The only question which can arise between an individual claiming a right under the acts done, and the public, or any person denying their validity, are power in the officer and fraud in the party; all other questions are settled by the decision made, or the act done by the tribunal or officer, whether executive, legislative, judicial, or special, unless an appeal is provided for, or other revision by some appellate or supervisory tribunal is prescribed by law."

No averment of fraud is made in the present case, nor is the jurisdiction of the Secretary questioned. Neither is there any provision for appeal from the decision of the Secretary giving the court revisory power. In these circumstances it is too elementary to require citation of authority that this revisory power cannot be invoked through extraordinary process. Whether appellants may ultimately have a remedy enforceable in the jurisdiction where the lands are located, it is unnecessary for us to determine.

The decree, dismissing the bill, is affirmed.